**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **GREGORY SPIVEY,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| VS. : | **NO.  1:06-CV-41 (WLS)** |
| : | |
| **CAPTAIN JAMES REYNOLDS,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATION OF DISMISSAL FOR FAILURE TO DILIGENTLY
PROSECUTE AND FAILURE TO NOTIFY OF CURRENT ADDRESS**

A review of the electronic docket docket for this case reveals that the last activity undertaken herein by the plaintiff occurred on January 3, 2007, when he moved the court for the appointment of counsel.  Further, according to the Georgia Department of Corrections web cite this defendant was released from custody on September 12, 2007.  In view of the above and foregoing the Court, on July 24, 2008, ordered this defendant to show cause by Friday, August 15, 2008,[1] why his complaint should not be dismissed for his failure to diligently prosecute same. On July 31, 2008, plaintiff's copy of the show cause order was returned from his last known address at Coastal State Prison with the word "release" written thereon (Doc. # 16).  The court therefore has no idea of plaintiff's current whereabouts.

On March 22, 2006, the Court directed service of the complaint upon the defendant (Doc. # 4).  Among other things that order directed plaintiff as follows:

**DUTY TO ADVISE OF ADDRESS CHANGE**

---

[1] The order to show cause inadvertently has the year as 2007, rather than 2008.  August 15, 2007, occurred on a Wednesday whereas August 15, 2008 fell on Friday.  The show cause order was clearly dated July 24, 2008, making it obvious that any response plaintiff might wish to file was due on or before Friday, August 15, 2008.

> **IT IS FURTHER ORDERED** that during the pendency of this action, each party shall at all times keep the Clerk of the court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS!**
>
> **DUTY TO PROSECUTE ACTION**
>
> Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. It is the responsibility of the parties to advise the court when this case is ready for trial; it will not be scheduled for trial absent a specific request from plaintiff or defendants.

It is abundantly clear that plaintiff has clearly failed to follow either of the above quoted directives. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing his motion seeking appointment of counsel on January 3, 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. The plaintiff has had more than adequate time to pursue his claim against this defendant but he has failed to do so. Further, he has failed to respond to the order to show cause of July 24, 2008. Based on the above, the court

finds that lesser sanctions will not suffice herein.  Accordingly, it is the **RECOMMENDATION** of the undersigned that the plaintiff's case be dismissed for his failure to prosecute same and to keep the court notified of his present whereabouts.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

**SO RECOMMENDED**, this 6th day of November 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE